United States District Court
Southern District of Texas
**ENTERED**
March 17, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:19-cv-92

Lance Royall, *Plaintiff*,

v.

Enterprise Products Company, *Defendant*.

## MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, United States District Judge.

On January 5, 2021, United States Magistrate Judge Andrew Edison recommended that the court grant defendant Enterprise Products Company's motion for summary judgment (Dkt. 27). *See* Dkt. 68. Plaintiff Lance Royall filed objections. Dkt. 69. The court overruled the objections, adopted Judge Edison's recommendation, and issued a final judgment in favor of Enterprise. Dkts. 70–71. Royall's appeal of that order is currently pending.

On February 9, 2021, Enterprise filed its proposed bill of costs, seeking a total of $8,153. Dkt. 72–73. Specifically, Enterprise requests $545.26 for fees associated with service of summons and subpoena, $4,779.70 for fees and disbursements for printing deposition transcripts, and $2,828.84 for record-retrieval fees from the

Texas Workforce Commission and the Internal Revenue Service. Royall has objected to Enterprise's bill of costs. Dkt. 74. For the reasons below, the court overrules in part and sustains in part Royall's objections and awards Enterprise costs.

## I.    Taxation-of-Costs Standard

Federal Rule of Civil Procedure 54 provides that "unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."[1] As defined by statute, recoverable "costs" are limited to:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[2]

---

[1] FED. R. CIV. P. 54(d).

[2] 28 U.S.C. § 1920.

"The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary."[3]

A district court has wide discretion when determining whether the prevailing party is entitled to an award of costs.[4] But there is a "strong presumption" that the prevailing party is entitled to costs, and the Fifth Circuit has described the "denial of costs as 'in the nature of a penalty.'"[5]

## II.   Analysis

Royall objects to Enterprise's bill of costs and alternatively proposes that the court disallow certain fees found in the invoices.[6] The court will first consider the costs for purchasing copies of deposition transcripts, including the video recording of Royall's deposition, and then the fees to subpoena third parties for Royall's employment and medical records.

---

[3] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (quoting *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir.2010)).

[4] *Edwards v. 4 JLJ, L.L.C.*, 976 F.3d 463, 466 (5th Cir. 2020).

[5] *Pacheco v. Mineta*, 448 F.3d 783, 793–94 (5th Cir. 2006) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)).

[6] *See* Dkt. 74.

### A.   Costs for Deposition Transcripts

#### 1.   Royall's Deposition Transcript

The invoice for Lance Royall's deposition lists the following charges:[7]

| Description | Amount |
| --- | ---: |
| Transcript -O&1-Vid-WI | $1,163.90 |
| Exhibits W/Tabs | $25.30 |
| Exhibits Color | $1.95 |
| Condensed Transcript | $25.00 |
| Digital Transcript-PDF-PTX | $50.00 |
| Processing & Compliance | $45.00 |

The subtotal for this invoice is $1,311.15.

Royall does not object to the taxation of costs for the invoice's first three items.[8] The court agrees that the first charge is recoverable under 28 U.S.C. § 1920(2) as "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."[9] However, the Fifth Circuit has been clear that "incidental" charges such as for "shipping, binding, and tabbing" are generally not

---

[7] Dkt. 73-1 at 5.

[8] *See* Dkt. 74 at 2; Dkt. 73-1 at 5.

[9] 28 U.S.C. § 1920(2).

taxable, as those costs are not listed in § 1920.[10] The court therefore disallows the charges for the "exhibits w/tabs" and "exhibits color."[11]

Royall objects to the remaining three items—the "condensed transcript," "digital transcript," and "processing & compliance," for a total of $120—because, he contends, they are unrecoverable incidental costs.[12] In its reply, Enterprise concedes that these charges are incidental.[13] The court accordingly sustains Royall's objections. The last three items in the invoice are not recoverable because they are not listed among the recoverable costs in 28 U.S.C. § 1920, appear to be for the convenience of counsel only, and were not necessarily incurred for use in the case.[14] Accordingly, for the costs for making copies of Royall's deposition transcript, the court awards just the invoice's first listed amount—$1,163.90.

---

[10] *Long*, 807 F.3d at 133.

[11] *Richards v. Lufkin Indus. LLC*, 9:14-cv-00136-RC, 2019 WL 6682079, at *4 (E.D. Tex. Mar. 26, 2019).

[12] *See* Dkt. 74 at 2 (citing *Richards*, 2019 WL 6682079, at *4).

[13] Dkt. 76 at 1–2.

[14] *See Harris Corp. v. Sanyo N. Am. Corp.*, No. 3-98-cv-2712-M, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002).

### 2.    Royall's Deposition Video Recording

The invoice for video-recording Lance Royall's deposition lists the following charges:[15]

| Description | Amount |
| --- | --- |
| Videographer Minimum | $320.00 |
| Videographer Additional Hours | $405.00 |
| San-Sum-TD-Synchronized Video | $360.00 |
| Handling Fee | $20.00 |

The subtotal for this invoice is $1,105.

Royall argues these video-recording charges are unrecoverable because recovery for both copies of deposition transcripts and for video recordings is duplicative; thus, the video recording was not necessarily obtained for use in the case.[16] Alternatively, he maintains, only the "actual video cost" of $360 should be permitted, as the remaining charges are incidental.[17]

Enterprise responds that both the written deposition transcript and video were necessary for the case. Specifically, for the video recording, Enterprise

---

[15] Dkt. 73-1 at 10.

[16] Dkt. 74 at 4 (citing *Richards*, 2019 WL 6682079, at *5).

[17] *Id.*

6

anticipated using Royall's video deposition "for impeachment purposes and to attack his credibility."[18]

Section 1920(2) allows for the taxation of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case."[19] The Fifth Circuit has explained that this provision allows costs for video-recorded depositions,[20] so the main question is whether the video-recorded deposition was "necessarily obtained for use in the case."[21]

Royall is correct that some courts have declined to award costs for both a written deposition transcript and a video recording of that same deposition because they are deemed duplicative.[22] But whether to award costs for both a written and

---

[18] Dkt. 76 at 5.

[19] 28 U.S.C. § 1920(2).

[20] *See, e.g., Long*, 807 F.3d at 130.

[21] *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

[22] *See e.g., Richards*, 2019 WL 6682079, at *5; *Centurytel of Chatham, LLC v. Sprint Commc's Co.*, No. 09-1951, 2016 WL 4005965, at *4 (W.D. La. July 25, 2016); *Stoffels v. SBC Commc's, Inc.*, No. 05-0233, 2012 WL 2122191, at *2 (W.D. Tex. June 11, 2012); *HEI Res. E. OMG Joint Venture*, No. 5:07-cv-62, 2010 WL 536997, at *5 (S.D. Tex. Feb. 10, 2010).

electronic copy of a deposition is driven by a case's particular circumstances, and other courts have awarded costs for both.[23]

Royall states that he was "undoubtedly going to testify during the trial."[24] But that does not necessarily preclude Enterprise from using his video deposition at trial. And a video deposition need not "actually be introduced in evidence for it to be necessary for a case—as long as there is a reasonable expectation that the deposition may be used for trial preparation."[25] Enterprise's explanation that it recorded Royall's deposition in anticipation for attacking Royall's credibility and for impeachment is reasonable. As another court explained, "it cannot be said that a videotape of a deposition is wholly duplicative of a transcript of the same deposition because the transcript only captures verbal communication, while the videotape captures both verbal and nonverbal communication."[26] Accordingly, the court concludes that Enterprise reasonably expected to use Royall's video deposition for trial preparation, and it was necessarily obtained for use in the case.

---

[23] *See United States ex rel. King v. Solvay S.A.*, No. H-06-2662, 2016 WL 3523873, at*6–7 (S.D. Tex. June 28, 2016); *Vital v. Varco*, No. H-12-1357, 2015 WL 7740417, at *2–3 (S.D. Tex. Nov. 30, 2015).

[24] Dkt. 74 at 4.

[25] *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999).

[26] *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 976–77 (S.D. Tex. 2011) (quoting *Farnsworth v. Covidien, Inc.*, 2010 WL 2160900, at *2 (E.D. Mo. May 28, 2010)).

Nevertheless, the invoice also lists costs for video synchronization and a "handling fee," which are not enumerated in § 1920. Other courts in this district have declined to award video-synchronization charges or handling fees.[27] As the court finds those cases persuasive, it does not award those fees. Royall's objection to the costs of videotaping his deposition is therefore overruled in part and sustained in part, reducing the award for this invoice to $725.00.

### 3.   Transcripts for Enterprise's HR Witnesses

Brandi Johnson, Bill Hall, Tom Johnson, James Casey Teague, and Chad Woods all worked for Enterprise and were management-level Human Resource employees.[28] There are two invoices for the written transcripts of these witnesses' depositions. The first invoice lists the following charges:[29]

### Brandi Johnson

| Description | Amount |
| --- | --- |
| 58 pages | $157.50 |
| Exhibits - B&W &/or Tabs | $25.00 |

---

[27] *Richards*, 2019 WL 6682079, at *4–5; *Vital*, 2015 WL 7740417, at *3; *Oldham v. Thompson/Center Arms Co.*, No. 4:12-cv-2432, 2014 WL 1794861, at *5 (S.D. Tex. May 5, 2014).

[28] *See* Dkt. 50.

[29] Dkt. 73-1 at 6–7.

| | |
|---|---|
| Lit – Pkg – Admin, Binding, Index, Lit-Stik | $110.00 |

### Bill Hall

| Description | Amount |
|---|---|
| 35 pages | $157.50 |
| Transcript Tabs | $1.00 |
| Lit – Pkg – Admin, Binding, Index, Lit-Stik | $110.00 |
| Delivery – Standard | $15.00 |

### Tom Johnson

| Description | Amount |
|---|---|
| 40 pages | $157.50 |
| Transcript Tabs | $0.50 |
| Lit – Pkg – Admin, Binding, Index, Lit-Stik | $110.00 |

The second invoice provides:

### James Casey Teague

| Description | Amount |
|---|---|
| 55 pages | $157.50 |
| Exhibits - B&W &/or Tabs | $12.50 |

| | |
|---|---|
| Lit – Pkg – Admin, Binding, Index, Lit-Stik | $110.00 |
| Delivery – Standard | $15.00 |

### Chad Woods

| Description | Amount |
|---|---|
| 42 pages | $157.50 |
| Exhibits - B&W &/or Tabs | $12.50 |
| Lit – Pkg – Admin, Binding, Index, Lit-Stik | $110.00 |

The subtotal for these two invoices is $1,419.00.

Royall objects to the recovery of all these costs because, as Enterprise could have called these witnesses at trial, copies of their depositions were not necessary. Moreover, these depositions were taken by Royall and there "was no reason" for Enterprise to use these depositions. Indeed, Enterprise attached only declarations from Johnson and Woods to its motion for summary judgment, not deposition excerpts.[30]

These objections are unpersuasive. Again, Enterprise must demonstrate that it necessarily obtained the deposition transcripts for use in the case; it need not

---

[30] Dkt. 74 at 3.

actually use the deposition transcripts as evidence at trial.[31] Additionally, in *Fogleman v. ARAMCO*, the Fifth Circuit explained that "[i]f, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party."[32] Thus, even if it was Royall who noticed and took these depositions, it is clear they were taken in anticipation of trial. Indeed, Enterprise listed all five of these deponents as witnesses it expected to call at trial,[33] and Enterprise could have reasonably anticipated at the time the depositions were taken to use the transcripts for trial preparation and in pretrial motions.[34]

But, again, the Fifth Circuit has been clear that "shipping, binding, and tabbing" charges are generally not taxable, as those costs are not listed in § 1920.[35] Accordingly, the court overrules in part and sustains in part Royall's objections to these two invoices and awards only the fees to make each written copy, or $157.50 for each of these five witnesses, resulting in a total amount of $787.50.

---

[31] *See Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

[32] *Id.* at 285.

[33] *See* Dkt. 50.

[34] *See Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 429–30 (5th Cir. 2010).

[35] *Long*, 807 F.3d at 133.

### 4.    Gary O'Neil's Deposition Transcript

Enterprise also included Gary O'Neil, whom it had employed as a terminal manager, as a witness it expected to call at trial. The invoice concerning his deposition lists the following charges:

| Description | Amount |
|---|---|
| App Fee: First Hour Overtime | $56.25 |
| App Fee: First Hour | $37.50 |
| App Fee: Additional Hours | $75.00 |
| Transcript 0&1-VC-WI | $568.75 |
| Exhibits w/ Tabs | $1.65 |
| Condensed Transcript | $25.00 |
| Digital Transcript-PDF-PTX | $50.00 |
| Remote Video Conferencing | $45.00 |

The subtotal for this invoice is $859.15.

Enterprise previously conceded—for Royall's written deposition transcript—that the charges for the condensed transcript, digital transcript, and processing and compliance were not recoverable, and many other courts have ruled the same.[36]

---

[36] *See Richards*, 2019 WL 6682079, at *4; *Harris Corp.*, 2002 WL 356755, at *3.

Additionally, Enterprise did not explain why the various "App Fees" were justified as necessary for the case beyond generally stating they were "necessarily incurred" or "obtained." Because Enterprise inadequately explains why these extra charges are justified, the court sustains Royall's objections to them. So the court allows recovery of just the cost of the transcript alone—$568.75.

## B. Third-Party Subpoena and Record Fees

### 1. Fees to Subpoena Gary O'Neil

Because O'Neil was no longer an Enterprise employee at the time of his deposition, and was outside of the court's subpoena range to compel him to attend trial, Enterprise twice subpoenaed him to sit for a deposition.[37] The first invoice is for $280.91, the second $265.35.

Royall objected to the cost to subpoena O'Neil because generally the costs for a private process server are not recoverable.[38] In Enterprise's response, it concedes this point and amends its request to $110.00—the cost the U.S. Marshal would charge if it had served both subpoenas.[39]

---

[37] Dkt. 76 at 4.

[38] Dkt. 74 at 5 (citing *Marmillion*, 381 F. App'x at 429–30).

[39] *See* Dkt. 73-1 at 25. Enterprise, citing *Ninan v. Hosp. Partners of Am., Inc.*, No. H-07-2095, 2009 WL 10692726, at *2 (S.D. Tex. Mar. 13, 2009), states that the U.S. Marshal would charge $55.00 to serve a subpoena. But Enterprise does not include any documentation that this rate is still correct. However, in a recent case, *Andres v. BP Expl. & Prod., Inc.*, 4:19-cv-00622, 2020 WL 6264247, at *2 (Oct. 5, 2020), *recommendation*

Royall is correct that § 1920(1) allows for recovery of only fees charged by the "clerk" or "marshal," not a private server.[40] Thus, the Fifth Circuit has explained that outside of "exceptional" circumstances, the costs of a private process server are not recoverable.[41] Nonetheless, some courts have allowed private-process-server fees, but have limited the award to the amount the U.S. Marshal would have charged.[42] Because Enterprise has explained that it needed to privately serve O'Neil because the court could not compel him to testify in court, the court finds that private service was necessary for the case. Accordingly, the court overrules Royall's objection. But the court awards just $110.00—the cost the marshal would have charged to serve two subpoenas.

### 2.   Subpoenas and Depositions on Written Questions to Royall's Employers and Medical Providers

Enterprise subpoenaed or served depositions on written questions to Royall's current employer, former employers, and his medical providers to discover his

---

*adopted*, 2020 WL 6262180 (S.D. Tex. Oct. 23, 2020), the court stated that the U.S. Marshal, as of late 2020, was charging $55.00 to serve a subpoena in the Southern District of Texas.

[40] *Baisden*, 793 F. Supp. 2d at 974.

[41] *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 118 F.3d 245, 257 (5th Cir. 1997).

[42] *See Andres*, 2020 WL 6264247, at *2; *Ninan*, 2009 WL 10692726, at *2.

medical records and billing records.[43] Enterprise offers ten invoices that it wants taxed against Royall:[44]

### Adams Resource & Energy

| Description | Amount |
| --- | --- |
| Base Fee | $65.00 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $84.53 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $199.53 |

### Altom Transport, Inc.

| Description | Amount |
| --- | --- |
| Base Fee | $65.00 |
| Court Copy (69 pages) | $34.50 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $21.00 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $170.50 |

---

[43] *See* Dkt. 73-1 at 12–21.

[44] Enterprise collectively characterizes these charges as "record retrieval fees" and lists them as part of its "other costs." *See* Dkt. 72-1.

## Bealine Service Company, Inc.

| Description | Amount |
|---|---|
| Base Fee | $65.00 |
| Court Copy (106 pages) | $53.00 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $404.25 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $572.25 |

## Service Transport Company, Inc.

| Description | Amount |
|---|---|
| Base Fee | $65.00 |
| Court Copy (86 pages) | $43.00 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $29.96 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $187.96 |

### Clear Lake Medical Group (10/12/20)

| Description | Amount |
|---|---|
| Base Fee | $65.00 |
| Court Copy (1 page) | $0.50 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $115.55 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $231.05 |

### Clear Lake Medical Group (10/05/20)

| Description | Amount |
|---|---|
| Base Fee | $65.00 |
| Court Copy (43 pages) | $21.50 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $120.90 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $257.40 |

### Southwest Orthopedic Group —Medical Records

| Description | Amount |
|---|---|
| Base Fee | $65.00 |

| | |
|---|---:|
| Court Copy (26 pages) | $13.00 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $104.37 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $232.37 |

### Southwest Orthopedic Group — Patient Billing

| Description | Amount |
|---|---:|
| Base Fee | $65.00 |
| Court Copy (2 pages) | $1.00 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $73.50 |
| Notice Attorneys of Record | $10.00 |
| **Total** | $189.50 |

### Surgical Specialists of Clear Lake

| Description | Amount |
|---|---:|
| Base Fee | $65.00 |
| Court Copy (54 pages) | $27.00 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $55.64 |

| Notice Attorneys of Record | $10.00 |
|---|---|
| **Total** | **$197.64** |

## Surgical Specialists of Clear Lake — Billing

| Description | Amount |
|---|---|
| Base Fee | $65.00 |
| Court Copy (1 page) | $0.50 |
| Witness Fee | $40.00 |
| Prepaid Expenses | $55.64 |
| Notice Attorneys of Record | $10.00 |
| **Total** | **$171.14** |

The subtotal for these ten invoices is $2,409.34.

Royall first contends that any third-party subpoenas for documents or depositions on written questions were not necessary for the litigation—as Enterprise did not list any of the resulting evidence as trial exhibits. Royall also repeats that private-process-server fees are not recoverable.

Enterprise responds that these subpoena/written-deposition costs were necessary as they relate to Royall's damages under the Family Medical Leave Act (FMLA) for backpay and "other damages."

Section 1920(2) and (4) respectively provide that taxable costs include fees for "printed or electronically recorded transcripts" and "for exemplification and the costs of making copies of any materials" when those items are "necessarily obtained for use in the case."[45] Copies of Royall's medical and employment records fall under "any materials,"[46] so taxation of the costs paid to secure these copies is "subject to the same standard as that of copying depositions: reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity."[47]

Because Royall seeks damages for backpay and argues that Enterprise retaliated against him for seeking FMLA leave, it was reasonable for Enterprise to seek copies of Royall's employment and medical records. Enterprise reasonably anticipated using the acquired copies for trial preparation rather than mere discovery

---

[45] 28 U.S.C. § 1920(2), (4); *see Fogleman*, 920 F.2d at 286.

[46] 10 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2677 (4th ed. Oct. 2020 Update) ("[Section 1920(4)] gives substantial discretion to the court and enables it to allow the reimbursement of a variety of trial-connected expenses . . . .").

[47] *Fogleman*, 920 F.2d at 286.

or convenience.[48] And a copy of a record need not be actually used in trial for it to be "necessarily obtained."[49]

Nevertheless, though some courts in this district have concluded that fees for subpoenas and depositions on written questions to third parties are recoverable under § 1920(4),[50] those that also allowed the recovery of private-process-service fees arguably run afoul of the Fifth Circuit's rule taxing such fees only under exceptional circumstances.[51] Enterprise does not contend that subpoenaing these records occurred under "exceptional" circumstances, nor has it suggested reducing the subpoena-service fees to what the marshal would have charged, as it did for the costs to subpoena Gary O'Neil. The court assumes the "base fees" and "prepaid expenses" listed in each of the ten invoices are the costs for private service of the subpoenas, and so disallows them. Moreover, the "notice attorneys of record" fee listed in each of the ten invoices is not associated with making *copies* of these records, and noticing the attorneys in this case is not an expense enumerated in § 1920. So

---

[48] *See Ervin v. Masters Res., LLC*, No. G-07-233, 2009 WL 10709756, at *2–3 (S.D. Tex. Aug. 10, 2009); *see also* WRIGHT & MILLER § 2677 n.44.

[49] *Id.* at *3; *Hartnett v. Chase Bank of Tex. Nat. Ass'n*, No. 3-98-cv-1061-L, 1999 WL 977757, *3 (S.D. Tex. Oct. 26, 1999).

[50] *See Gaspari v. FMC Techs., Inc.*, No. H-13-2353, 2016 WL 2659593, at *2 (S.D. Tex. May 5, 2016); *Waggoner v. Trans Union, LLC*, 3:02-cv-1494-G, 2003 WL 22838718, at *5 (N.D. Tex. Nov. 24, 2003).

[51] *Cypress-Fairbanks Indep. Sch. Dist.*, 118 F.3d at 257.

the court denies those fees, too.[52] Section 1920(3) does allow taxation of fees for "witnesses." Accordingly, the court allows the taxation of the ten invoices' "witness fees."

So the court overrules in part and sustains in part Royall's objections to these invoices and awards the following:

| | |
|---|---|
| **1. Adams Resource & Energy** | Witness Fee: $40.00 |
| **2. Altom Transport, Inc.** | Court Copy: $34.50 |
| | Witness Fee: $40.00 |
| **3. Bealine Service Company, Inc.** | Court Copy: $53.00 |
| | Witness Fee: $40.00 |
| **4. Service Transport Company, Inc.** | Court Copy: $43.00 |
| | Witness Fee: $40.00 |
| **5. Clear Lake Medical Group (10/12/20)** | Court Copy: $0.50 |
| | Witness Fee: $40.00 |
| **6. Clear Lake Medical Group (10/05/20)** | Court Copy: $21.50 |
| | Witness Fee: $40.00 |
| **7. Southwest Orthopedic Group— Medical Records** | Court Copy: $13.00 |
| | Witness Fee: $40.00 |
| **8. Southwest Orthopedic Group— Patient Billing** | Court Copy: $1.00 |
| | Witness Fee: $40.00 |
| **9. Surgical Specialists of Clear Lake** | Court Copy: $27.00 |
| | Witness Fee: $40.00 |

---

[52] *See Farmer v. Arabian Oil Co.*, 379 U.S. 227, 235 (1964) ("[T]he discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.").

| 10. **Surgical Specialists of Clear Lake— Billing** | Court Copy: $0.50<br>Witness Fee: $40.00 |

For these ten invoices, the court awards $594.00.

### 3. Record-Retrieval Fees from the Texas Workforce Commission and the Internal Revenue Service

Finally, Enterprise seeks to tax the costs it incurred to retrieve Royall's records from the Texas Workforce Commission and Internal Revenue Service.[53] The open-records invoice from the Texas Workforce Commission amounts to $19.50. The IRS's invoice for "Record/Document Retrieval" comes to $400.

For these invoices, Royall makes the same objections that he did for the subpoenas and depositions on written questions served on Royall's current employer, former employer, and medical providers. As with those records, the court finds these were necessarily obtained because Royall sought backpay and other FMLA-retaliation damages. Accordingly, the court overrules Royall's objection and awards the subtotal of these two invoices—$419.50.

---

[53] Dkt. 73-1 at 22–23.

24

\*      \*      \*

As provided above, the court sustains in part and overrules in part Royall's objections. In total, the court orders that Enterprise recover from Royall $4,368.65 as follows:

| | | |
|---|---|---|
| 1. | Royall's Deposition Transcript | $1,163.90 |
| 2. | Royall's Deposition Video Recording | $725.00 |
| 3. | Transcripts for Enterprise's HR Witnesses | $787.50 |
| 4. | Gary O'Neil's Deposition Transcript | $568.75 |
| 5. | Fees to Subpoena Gary O'Neil | $110.00 |
| 6. | Subpoenas and depositions on written questions to Royall's Employers and Medical Providers | $594.00 |
| 7. | Record-retrieval fees from the Texas Workforce Commission and the Internal Revenue Service | $419.50 |

Signed on Galveston Island on the 17th day of March, 2021.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

25